## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 10-60263-CIV-LENARD/O'SULLIVAN

**ERNESTO CARRERA, Individually
and on behalf of all others similarly
situated**,

      Plaintiffs,

v.

**UPS SUPPLY CHAIN SOLUTIONS,
INC.,**

      Defendant.

_____/

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 11-22332-CIV-LENARD/O'SULLIVAN

**RAY DUNAKIN, Individually and on
behalf of all others similarly situated,**

      Plaintiffs,

v.

**UPS SUPPLY CHAIN SOLUTIONS,
INC.,**

      Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO CONSOLIDATE CASES
## (D.E. 355)

      **THIS CAUSE** is before the Court on Defendant UPS Supply Chain Solutions, Inc.'s

("SCS") Motion to Consolidate Similar Cases ("Motion to Consolidate," D.E. 355 in Case No. 10-60263),[1] filed on July 14, 2011, and Defendant SCS's Motion to Stay the Dunakin action ("Motion to Stay," D.E. 123 in Case No. 11-22332),[2] filed on July 18, 2011. Additionally, on October 14, 2011, Defendant SCS filed its unopposed Motion to Extend or Reset Pre-Trial Deadlines ("Motion for Extension," D.E. 150 in Case No. 11-22332). Having considered the Motion to Consolidate, Motion to Stay, Motion for Extension, the related pleadings, and the record, the Court finds as follows.

## I.    Background

On February 23, 2010, Plaintiff Ernesto Carrera filed his lawsuit here in the Southern District of Florida, styled Carrera v. UPS Supply Chain Solutions, Inc., Case No. 10-60263-CIV-Lenard/O'Sullivan (the "Carrera action"). The Carrera action alleges overtime and minimum wage violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), on behalf of a group of current and former SCS employees. Specifically, the lawsuit claims SCS has engaged in a policy of misclassifying plaintiffs as independent contractors and thus improperly denied them minimum wage and overtime pay.

On April 6, 2010, Plaintiff Ray Dunakin filed his lawsuit in the District of Oregon

---

[1]    The plaintiffs in the Carrera action do not oppose consolidation. The plaintiffs in the Dunakin action filed their response in partial opposition to SCS's Motion to Consolidate on July 22, 2011, to which SCS filed its reply on August 1, 2011. (See D.E. 130 in Case No. 11-22332; D.E. 372 in Case No. 10-60263.)

[2]    On August 1, 2011, the Dunakin plaintiffs filed their response in opposition to SCS's Motion to Stay. (See D.E. 133 in Case No. 11-22332.) No reply was filed.

raising nearly identical allegations.  Like <u>Carrera</u>, the <u>Dunakin</u> action alleges overtime and minimum wage violations of the FLSA on behalf of a collective action of current and former employees.  Additionally, the <u>Dunakin</u> plaintiffs seek injunctive relief and certification of a class of plaintiffs bringing state common law claims for unjust enrichment under Rule 23 of the Federal Rules of Civil Procedure.

In April 2010, SCS petitioned the United States Judicial Panel on Multidistrict Litigation ("JPML"), pursuant to 28 U.S.C. § 1407, to consolidate the <u>Carrera</u> and <u>Dunakin</u> actions in the Southern District of Florida, or alternatively in the Northern District of Georgia.  On August 6, 2010, the JPML denied the request.

On March 31, 2011, pursuant to <u>Hipp v. Liberty Nat'l Life Ins. Co.</u>, 252 F.3d 1208, 1219 (11th Cir. 2001), the Court conditionally certified a nationwide collective action in <u>Carrera</u>.  (<u>See</u> D.E. 169 in Case No. 10-60263.)

On April 28, 2011, SCS moved to transfer the <u>Dunakin</u> action from the District of Oregon to the Southern District of Florida.  On June 27, 2011, the district court in Oregon granted the request and transferred the <u>Dunakin</u> action to the Southern District of Florida.  (<u>See</u> D.E. 329 in Case No. 10-60263.)  On June 29, 2011, the <u>Dunakin</u> action was opened as a new case in this District and assigned to the Honorable Adalberto Jordan.  (Case No. 11-22332-CIV-Lenard/O'Sullivan (the "<u>Dunakin</u> action").  On July 20, 2011, the undersigned accepted transfer of the <u>Dunakin</u> action.

SCS now moves to consolidate the <u>Carrera</u> and <u>Dunakin</u> cases for all purposes

3

including trial.  Additionally, SCS seeks to stay the Dunakin action including consideration of the Dunakin plaintiffs' pending motion for final certification of an FLSA collective action and Rule 23 certification of their unjust enrichment class.  (See D.E. 90 in Case No. 11-22332.)

## II.    Motion to Consolidate

SCS asserts consolidation is appropriate where: (1) both cases are now before the Court; (2) both cases involve common parties; (3) both cases involve common factual and legal issues; (4) there is no risk of prejudice or confusion resulting from consolidation; (5) no unfair advantage will be created; (6) judicial resources will be conserved; (7) the amount of time for resolving both cases will be reduced; and (8) consolidation will reduce the expense of trying the cases separately.  SCS believes that consolidation of the two cases would moot the Dunakin plaintiffs' pending motion for certification and to the extent that the Dunakin plaintiffs have engaged in more discovery, it will allow for streamlining the two cases.[3]

While the Carrera plaintiffs do not oppose consolidation for all purposes, the Dunakin plaintiffs only agree that the cases should be partially consolidated.  The Dunakin plaintiffs

---

[3]    The Dunakin action followed a lawsuit brought in the Northern District of California which asserted nearly identical allegations and was also brought by counsel for the Dunakin plaintiffs, Labrie v. UPS Supply Chain Solutions, Inc., 2009 WL 723599 (N.D. Cal. 2009).  The district court in Labrie conditionally certified a nationwide collective action on behalf of all current or former drivers who worked for SCS in any state as an "independent contractor" during the previous three years.  The Parties in that case conducted discovery and subsequently settled.  As a result, SCS and the Dunakin plaintiffs agreed to rely in part upon discovery produced in that litigation.

primarily contend that they will be prejudiced by consolidation or staying their case since the Dunakin action is farther along procedurally and the parties have completed more discovery in that action.  In part due to the Labrie action, the Dunakin plaintiffs never moved for conditional certification of an FLSA collective action but have instead waited until completion of discovery to file for final certification.  The Dunakin plaintiffs also contend consolidation is inappropriate because in addition to the FLSA claims, they raise unjust enrichment claims and seek certification under Rule 23.  Finally, the Dunakin plaintiffs point to the fact that currently more plaintiffs have joined in their action than the Carrera action.  Thus, the Dunakin plaintiffs urge the Court to first decide their pending certification motion, then allow the Dunakin action to proceed with merits discovery based upon the deadlines agreed to by the district court in Oregon, and finally require the Parties to meet and confer regarding the coordination of deadlines for trial and the filing of dispositive motions.

In reply, SCS contends that overlap between plaintiffs in both actions has occurred despite best efforts.  SCS also argues that any Rule 23 unjust enrichment class would necessarily include plaintiffs in the Carrera action by default until they "opted-out." With regard to discovery related to the Labrie action, SCS contends there is no reason why it could not be utilized in both Carrera and Dunakin.  Thus, SCS argues the Dunakin action, or at least the pending motion for final certification and Rule 23 certification, should be stayed while the Carrera action "catches up" and is at the final collective action or decertification stage.

### III.   Discussion

Rule 42(a) of the Federal Rules of Civil Procedure states that, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a).  "The proper solution to problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a)." Hargett v. Valley Fed. Sav. Bank, 60 F.3d 754, 765-66 (11th Cir. 1995) (citing Miller v. United States Postal Serv., 729 F.2d 1033, 1036 (5th Cir.1984)).  The decision of whether or not to consolidate is discretionary.  See Young v. City of Augusta, 59 F.3d 1160, 1168 (11th Cir. 1995).

The Court finds that consolidation of the Carrera and Dunakin actions for all purposes is appropriate.  First, both cases are now before this Court.  Second, both cases involve similar groups of plaintiffs and the same defendant.  Third, the cases involve identical legal issues including whether SCS's classification of certain of its drivers as "independent contractors" exempts it from paying overtime and minimum wage pursuant to the FLSA. The cases additionally share numerous factual issues. Whether or not plaintiffs in the Carrera action are similarly situated for purposes of final certification of a collective action will likely effectively dispose of the identical issue in the Dunakin action and vice versa.  Fourth, there is no risk that consolidation will result in confusion.  So far, plaintiffs' counsel in the two cases have been separately instructed to take efforts to avoid bringing claims on behalf of

plaintiffs already members of the other lawsuit.  SCS indicates this has not always occurred.

Regardless, consolidation of the two actions, if anything, should reduce confusion.  There

is also no risk of prejudice to the <u>Dunakin</u> plaintiffs.  To the extent that they have already

reached agreement with SCS to use discovery obtained from the <u>Labrie</u> action, there is no

reason the same discovery cannot be used in <u>Carrera</u>.  SCS acknowledges its willingness to

make available this previously produced discovery in order to streamline the litigation.  To

the extent that the <u>Dunakin</u> action is procedurally farther along, there is not much of a gap

in progress between the two cases.  The <u>Dunakin</u> plaintiffs did not move for stage one

conditional certification of an FLSA collection action.  The <u>Carrera</u> plaintiffs have been

granted conditional certification and have proceeded with discovery in anticipation of a

decision on final certification or decertification.  While the <u>Dunakin</u> action also involves a

putative Rule 23 class of plaintiffs with unjust enrichment claims, SCS correctly notes that

any Rule 23 class would likely by default include the <u>Carrera</u> plaintiffs excluding their

affirmative opting out.  Thus, the Court finds no risk of prejudice, or alternatively that any

risk of prejudice is outweighed by the risk of inconsistent adjudications.   Finally,

consolidation of the two cases will greatly conserve judicial resources, reduce the time for

resolving both cases, and significantly reduce the expense inherent in proceeding with two

separate actions.  Accordingly, consistent with this Order, it is hereby **ORDERED AND**

**ADJUDGED** that:

    **1.**    Defendant UPS Supply Chain Solutions, Inc.'s Motion to Consolidate Similar

Cases (D.E. 355 in Case No. 10-60263), is **GRANTED**;

2.     Case No. 10-60263-CIV-Lenard/O'Sullivan and Case No. 11-22332-CIV-Lenard/O'Sullivan are hereby **CONSOLIDATED**, the higher-numbered case, Case No. 11-22332 is **ADMINISTRATIVELY CLOSED**, and the Parties and the Clerk are hereby **DIRECTED** to file all further pleadings and documents under the lower case number, Case No. 10-60263;

3.     The <u>Dunakin</u> plaintiffs' Motion for Certification as a FLSA Collective Action and for Class Certification (D.E. 90 in Case No. 11-22332), filed on May 23, 2011, is **DENIED WITHOUT PREJUDICE**, with leave to re-file upon the conclusion of fact discovery;

4.     The Parties are directed to promptly confer and coordinate the sharing of relevant discovery already produced in the various related lawsuits including the <u>Labrie</u> action, in order to reduce unnecessary expense and delay;

5.     The Parties in both actions shall have fourteen (14) days from the date of this Order to file a revised joint scheduling report and form setting forth revised dates for any remaining deadlines;

6.     Defendant UPS Supply Chain Solutions, Inc.'s Motion to Stay (D.E. 123 in Case No. 11-22332), and Motion to Extend or Reset Pre-Trial Deadlines (D.E. 150 in Case No. 11-22332), are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 4th day of November,

2011.

_Joan A. Lenard_
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**